## REEVES & CO. v. JONES.

Where B. testified, on garnishee process, that he executed a note to the defend-
ant, but did not know whether he still held the note or not; and where defend-
ant testified that he held the note, but claimed that the money belonged
to his wife, and that he only acted as her agent ; held that as the money was
controlled by the husband, without notice of the wife's ownership, and as
the note had not been negotiated, judgment should have been rendered
against B. as garnishee.

### Appeal from Lee District Court.

*Opinion by* GREENE, J. Jesse Reeves & Co., sued L. Jones
before a justice of the peace, for damages to a horse. Plain-
tiffs recovered a judgment for ninety dollars, and to secure
the amount they garnisheed H. H. Belding, who on his
answer stated that he had executed a note to the defendant
or $106, of which there was about $90 due, and that he did
not know whether defendant " still held the note or not."
Plaintiffs then called upon the defendant to testify in rela-
tion to the garnishment, and thereupon Jones said he held
the note, but that the money loaned to Belding, was the
money of his wife, that it was due her before their marriage,
that she had received it a short time ago from a man in
Ohio, for the purpose of buying a piano, and that he only
acted as her agent in loaning the money to Belding. The
justice thereupon rendered judgment against the garnishee

The case was taken to the district court by writ of error,
and then the judgment against the defendant was affirmed,
but was reversed as to garnishee.

The only question to be decided is, did the court err in
reversing the judgment against Belding, the garnishee. It
appears that Belding executed the note to Jones, and was
indebted to him alone. He or his indorsee only could
maintain an action upon the note. Mrs. Jones was not
known in the transaction. Belding received the money of
Jones, and made the note to him without any notice of her

interest. As she left the money under the control of her husband, it was vested in him in favor of third persons acting in good faith and without notice of her ownership. Code, § § 1445, 1453.

We think, therefore, that the judgment against Belding should have been affirmed by the court below.

Judgment reversed.

*Reeves* and *Miller*, for appellants.

*Geo. C. Dixon*, for appellee.